## Onslow Peters *versus* The Inhabitants of Westborough.

*Where the plaintiff made a contract with the father of a female child to take her in, to his family and, for her services, to maintain her in sickness and in health during the pleasure of the parties, and afterwards, when she had become ill, he gave notice of the fact to the overseers of the poor, and requested assistance from the town for her support, it was held, that as he had not given the father notice of his wish to put an end to the contract, it continued in force, and he had no right of action against the town for supporting the child.*

ASSUMPSIT to recover the sum of sixty-five dollars for supporting Catharine Ladds, a minor child of John Ladds, from March 2, 1835, to the time of her death, on June 1, 1835. Trial before *Putnam* J.

It appeared that Catharine was supported by the plaintiff; who lived in Westborough. She was ten years of age. Her father was a foreigner, residing in the adjoining town of Northborough. He was a poor man, but had never been assisted as a pauper.

The plaintiff called Lovett Peters as a witness ; who testified, that, at the annual town meeting in Westborough, in March, 1835, he was chosen one of the overseers of the poor ; that after the meeting was over the plaintiff informed him that Catharine was sick at his house, and unable to do any thing ; that he (the plaintiff) had supported her up to that time, and he could not do it any longer at his own expense, and that he then gave notice that such was the case, and requested assistance from the town for her support. The witness replied, that the plaintiff must go on and furnish such support for the child as was suitable to her situation. The witness further testified, that the child was at that time too sick to be removed from the plaintiff's house. He also testified, that he never communicated to either of the overseers, nor did he know that they were apprized of the plaintiff's application, and no assistance was furnished by the overseers.

Evidence was introduced, tending to prove that the plaintiff made a contract with John Ladds, in 1834, terminable at the pleasure of either party, to take Catharine into his family and maintain her, in sickness and in health, till she should be

eighteen years of age ; and that this contract was to be in force until one of the parties should give notice to the other of his determination to put an end to it. The plaintiff contended that if such a contract was proved, his notice to and claim upon the town, as before mentioned, was an ending of the contract, on the part of the plaintiff. He also contended, that if any contract was proved, it was, that Catharine should go into his employment and remain in it an indefinite time, rendering services for her board, clothing and schooling, so long as it should be agreeable to each of the contracting parties, and that if such was the contract, the obligation of the plaintiff to maintain the child ceased when she became so ill that she could render no services, and that therefore it was not necessary for the plaintiff to give the father any notice of the termination of the contract.

The jury were instructed, that if the contract was a mere hiring for service, the plaintiff was not bound to keep the child after she became unable to render service ; but if it was a conditional contract for her to stay as long as either party liked, the plaintiff could not recover, unless he could show that he had given the father notice of his wish to put an end to it, and it continued in force and binding upon the plaintiff until such notice was given. And the jury were further instructed, that if there was a contract, and it was conditional, and not terminated by notice to the father, the plaintiff was not entitled to recover.

The jury found that the contract was conditional, and returned a verdict for the defendants.

The plaintiff excepted to the rulings of the judge.          *Oct. 2d.*

*Merrick*, for the plaintiff.

*Washburn*, for the defendants.          *Oct. 5th.*

MORTON J. delivered the opinion of the Court. Catharine Ladds, a girl ten years old, having fallen into distress, at the plaintiff's house, he gave notice to the overseers of the poor of the defendant town, and now claims to recover compensation for the support afterwards furnished to her. The action is founded upon the statute of 1793, *c.* 59, § 13.

The plaintiff gave the requisite notice to *one* only of the overseers, and the defendant's counsel now objects to the sufficiency of this notice to charge the town. Whether a notice to

one shall be deemed a notice, " *to the overseers*," within the statute, we shall not consider, because the question was not raised on the trial, and because its solution is not necessary to the decision of this case.

The plaintiff's claim is resisted on the ground that he is " liable, by law, for the support " of the supposed pauper, he having made a contract with her father to maintain her.

It was proved on the trial and found by the jury, that the plaintiff some time before made a contract with the father of the pauper to take her into his family and for her services to support and maintain her in sickness and in health, during the pleasure of the parties. The effect and construction of this contract cannot be mistaken. Either party might put an end to it, by giving reasonable notice to the other of his intention so to do. No direct notice was given. But the plaintiff's counsel contends that the notice and request aforesaid to the overseers was sufficient to terminate the contract. This is the only question for our decision.

It does not appear that the father ever received from the plaintiff or any one else, any information of the transaction. If the act of the plaintiff will charge the town, then the child was supported as a pauper without the knowledge of her father, and while he had reason to suppose that he had made suitable provision for her comfortable maintenance. If the father had been informed of the plaintiff's intention and of the situation of his daughter, it may be presumed that he would have taken her into his family and provided for her relief and comfort in her last sickness. It is found that the father was a poor man, but it does not appear that he was unable or unwilling to receive and take care of his child.

But the obligation of the contract does not depend upon the pecuniary ability of the parties. If the plaintiff might relieve himself from this contract without notice to the father, he might do the same were the other party a man of wealth. And thus any minor residing abroad, under an agreement determinable at the will of the parties, either at service or at school, as an apprentice or at board, might without the knowledge and against the wishes of his parents and friends, be made a pauper and subjected to all the inconveniences and disabilities incident

to that unfort mate relation to society. He might be sent to the almshouse or be bound out to service till he came of age, by the overseers. *St.* 1793, *c.* 59, § 4.

If this town may be charged, then it might so happen that a town, after supporting a minor, might compel his father or other relatives of sufficient ability, to reimburse them, and that too when they had good reason to believe that they had made ample provision for his support, by a contract still in force.

The undisputed rule of law is, that such a contract can only be terminated by the agreement of both parties or by reasonable notice by the one to the other that he elects to put an end to it. The dissolution of the contract by the one party to it, devolves rights and duties on the other which he cannot assert or perform without knowledge of their existence. It is not the mental determination or any secret act done, by the one, but actual notice to the other, which dissolves their mutual obligations. And we know of no way in which the plaintiff could terminate this contract without the knowledge of the father of the child supported. We think it perfectly clear, that notice and request to the overseers is not equivalent to notice to the father, and will not produce the same effect.

The instructions being in accordance with these views, are right, and judgment must be rendered on the verdict.